Good morning ladies and gentlemen. You may be seated. We understand that everyone is here in the courtroom or on the phone for argument this morning. So we'll hear the cases in the order that they are listed. The first case, Williams v. Harrison. Appellant's counsel, Mr. Feldman, is on the phone. Is that correct? That's correct, Your Honor. And you can hear us okay? Yes, I can, Your Honor. All right. Then Williams v. Harrison, you may present your argument. Good morning, Your Honors. May it please the Court, Mr. Feldman. Mr. Feldman, if I was informed, this is Keith Williams. The petitioner's whole case and his entire defense was predicated on the duress defense. As in the state court, the Court explicitly directed the jury that it should go by what you read here in the written jury instruction. Now, the state court jury is presumed to follow the judge's instruction. There was one problem. When the jury instruction was finally given to the jury, it omitted the duress defense in its written instruction. Now, based on that, the jury could have well concluded that the duress defense no longer applied. Instructional error, which removes a vital defense, is per se reversible. There is no more clearly established Supreme Court law than that every defendant has a due process right to interpose a defense. The state court ruling was contrary to this precedent. The respondent's position on appeal before this court is unavailing. It claims that the oral instruction and the prosecutorial and defense summation, quote-unquote, fully advise the jury of the duress defense. But there is a huge problem with that argument. Since the court later, after the instructions and after the summations, told the jury to only consider the written charge, which omitted the defense, the jury was presumed to follow what the court told it to do. One of the reasons why the jury did not ask a question about the duress defense is precisely because it believed that this defense was off the table. Excuse me, is that your assumption, or the jurors were quizzed after the verdict? No, Your Honor, the jurors were not quizzed about it, but it's kind of like what's good for the goose is good for the gander. One of the things that the government in both state and federal cases always talk about is the jury is presumed to follow the court's instruction. Here, the same presumption applies. Counsel, excuse me, this is Judge Schroeder. What do we do, isn't there a state court finding that the jurors did consider the oral instruction? We'll see. That's countervailed by the fact that the court said only go by what you read here in the written jury instruction. So it says if the oral instruction was null and void and had absolutely no effect. Your Honor, under 5.2, the petition for redemption for jurors should also be granted because the motion to recall the remittitor told the one-year statute of limitations. There are two separate district court cases, both unreported, that have ruled that a motion to recall the remittitor does hold the statute of limitations. One is Farquharson where the parties agreed by stipulation with approval by the district court, and the second case was Carrillo where the court assumed that the remittitor motion told the statute. Interestingly, no cases have ever ruled that it does not told the statute of limitations. Obviously, this is a case of first impression. But what's interesting about this point is that years ago, in 1974, in Hayward v. Stone, this very court ruled that an application to recall the remittitor, its scope has been broadened in recent years that the motion to recall serves functions similar to those of certiorari and habeas corpus in the field of post-conviction review. And what happened here is that if courts are going to treat the remittitor application as habeas corpus, that would toll the statute. This motion by the pro se defendant was not simply a request to reassert jurisdiction where none lied. It was, in essence, a habeas corpus application, and it was a collateral attack on his conviction. Do we have any idea, this is Judge Smith, do we have any idea what the underlying substantive claims are from this record? There were certain claims that Mr. Williams made that... From this record, do we have any idea what the underlying substantive claims are that would have been the subject of this motion? Yes, I think in the record, one of the things that Mr. Williams wanted to argue with is 6th Amendment right to effective assistance to counsel. At the appellate level? Yes. So that would be the one that would be within the purview of the appellate court? That's correct. That's the limitation on this remittitor, isn't it? It takes it back to the appellate level. Right. Okay, so that's the one that you think would be subject to consideration? That's correct. All right, thank you. Because of this court's ruling in Hayward v. Stone, and the interrelationship between the remittitor and the habeas corpus, the district court should have considered appellant's amended habeas corpus claim. Other than that, yours, I will rest on the brief if there are no other questions. I have one other question. Yes, sir. What Supreme Court precedent do I have that says one must give written jury instructions? Your Honor, there is no Supreme Court precedent at all. But the real issue is the real issue. Don't I have a Supreme Court case that says, and this is Henderson v. Kibbe, an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law? Your Honor, that is correct. But what happened in this case was that an entire defense was removed from consideration by the jury. And the clearly established Supreme Court precedent is not that a state court has to give written instructions. The issue and the clearly established Supreme Court precedent is that a defendant has the right to interpose a defense under Lee v. Temna in 2002. And what the state court essentially did was it told the jury, do not even consider the petitioner's defense because you're only supposed to go by the written jury instructions, and I'm not giving you the written instruction on duress. Okay, thank you. You have about two minutes left for rebuttal. We'll hear from the appellee. Good morning, Your Honor. It's Christopher Beasley, Deputy Attorney General, on behalf of the appellee respondents. Excuse me for just a moment. Mr. Feldman, can you hear Mr. Beasley okay? Yes, I can, Your Honor. Thank you. Thank you, Your Honor. I'd like to start with the issue of the motion to recall the remitter. At the outset, 2244 sub D2 requires that the application be for state post-conviction or other collateral review. It has to be for collateral review. A motion to recall the remitter does not function as an application for collateral review at all. Well, just a minute. What about much? And Sullivan made your argument pretty well, but he was in the dissent. And much to my idea says a request for grant of relief when an error of laws of such dimensions was entitled D, the defendant, to a writ of habeas corpus. That's what much says. And Sullivan says we already got writ of habeas corpus. We don't need another way to get a writ of habeas corpus. And he was in the dissent. That's correct. So how do I buy your argument? The way that you buy the argument is if you even look at what happened in much. There wasn't a writ issued. It was still a reinstatement of the direct appeal. What happened there was the defendant had applied for the motion to recall the remitter. He was clearly entitled to habeas relief because there was no factual issue in dispute and his conduct was not criminal under the statutes under Daniels, the previous kidnapping case that the Supreme Court had decided. So his remedy was habeas corpus. But as a matter of equity, the Supreme Court decided because he's clearly entitled to habeas relief, we're going to treat this motion to recall the remitter as an adjunct to the writ of habeas corpus. But that does not convert the motion to recall into a collateral review application. It still is only an application to reopen the direct appeal. And that's precisely what happened in much. The court reopened the direct appeal and then instructed the court of appeal on direct appeal to dismiss the kidnapping charge. I do agree that in our case of Hayward, we said that such a motion is a sufficient method of exhausting California state law claims for purposes of federal habeas review. That's correct. So how is this different than that? If you can exhaust with such a motion, why can't you toll the statute? Well, you can also exhaust through direct appeal means. Exhaustion and whether this is a collateral, an application for state collateral review are different issues altogether. For purposes of exhaustion, you can reopen your direct appeal. And if the court grants it, great. You've now been able to present your claims to the highest court and exhaust the claims. But that still doesn't change the motion to recall the remitter into a collateral review type of application. And therefore, even though it can exhaust, it would not qualify under 2244D to toll the statute of limitations. Let me ask you another question, which is somewhat related but somewhat different. The district court granted a COA on whether it erred in denying Williams an opportunity to amend the petition. Then I read the district court's decision. And in the decision, it denied him equitable tolling. It seems to me that if this works at all, it's not equitable tolling. It's statutory tolling. So how do I get to that? How do I know what issue I'm deciding now? The COA was written for equitable tolling. If statutory tolling is, in fact, the issue. Right. As far as I read, as far as I'm understanding the COA, this is about statutory tolling, not about equitable tolling. But the court, the district court never made any decision about statutory tolling. Its total decision was equitable tolling. The district court addressed, if I recall it correctly, the district court did address both issues, the statutory tolling and the equitable tolling, and denied on both grounds. And then, as far as I'm understanding, the remitter or the certificate of appealability, the court concluded it's debatable amongst jurors whether the motion to recall the remitter constitutes an application for post-State collateral review. This is at page 56 of the excerpts of record. And so my understanding from this statement in the district court's order is that it was granting a certificate of appealability on that question. Well, I appreciate your argument. So if I don't find that he ever discussed statutory tolling in any of his decisions, then what do I do? If you find that the district court did not find anything about statutory tolling. Correct. Well, then you would demand to the district court to address the statutory tolling issue. But I think that on this record there's enough to see that the district court did deny the petition on the grounds of statutory tolling. At least that's my interpretation of this record. So we can review that? Yeah, I think so. Yeah. Furthermore, in response to some of the questions about the Hayward decision and then also the function of a motion to recall the remitter, it's important to recognize when its utility is actually appropriate. The only times that it's ever appropriate is when a defendant has been denied his right to appellate counsel or if there has been some sort of fraud foisted upon the court of appeal so that it was basically unable to reach a decision at the appellate level and then much expanded it into this other area where if there's not a dispute of facts, but the defendant would be entitled unquestionably to relief under the writ of habeas corpus, then we can treat this as an adjunct to the writ. But again, all you do is ---- Why don't I just remand to the district court to determine what exactly this motion was about? In that particular matter, the district court could determine if the motion was really about habeas relief or if it was about direct relief. And having looked at that motion, they are at that understanding because we don't have, in my book, we don't have a big idea of what the underlying substantive claims are in the motion when it was filed. He could then determine or she, the district court, could determine what it was that the motion was really about and whether it was habeas relief or whether it was another direct review. Well, I think that even on this record, the district court did make findings as to what was in the motion to recall the remediator. It included claims of ineffective assistance of appellate counsel. It included claims of evidentiary claims that certain evidence should not have been included or admitted at trial. And it even included claims as to additional jury instructional errors. And so this motion to recall the remediator had several different pieces to it, all of which then ended up in the Federal petition, the amended claims. That's what he wanted to use to amend his claims. So we do know from this record what claims were raised in the motion to recall the remediator. And as Judge Fischer points out, the only claim that might be cognizable in a motion to recall the remediator might be the IAC claims of appellate counsel. And even then, it's questionable, given the fact that that might have you have to have some sort of an outside determination and bring in evidence from outside of the record to make that kind of a determination, which only is available in a habeas type proceeding. A motion to recall the remediator will simply reopen the direct appeal and you're stuck with the record that you have. And so it becomes very difficult to adjudicate an IAC type of claim on direct appeal of the appeal of the appellant itself. Turning then to the duress defense issue, Judge Schroeder, you had asked whether the State Court had made findings as to whether the jury had been fully instructed on the duress defense. And in the State Court of Appeals opinion, it does state that the jury was fully informed and fully advised of the duress defense. And so that was a factual finding made by the State Court, which was a reasonable finding in light of this record, especially when you look at the oral instructions that were given by the court in conjunction with all of the arguments of counsel and particularly the argument from the prosecutor who said, if you believe that this defendant was a victim in this case because of duress, then you must acquit. That's powerful when the prosecutor is saying that acquittal is the appropriate disposition if the jury were to find that there was duress involved. So this jury was. Well, what Supreme Court precedent do I rely upon on suggesting that I look at what is in the case, depend on the evidence in the case and the overall instructions, rather than they didn't get a written instruction? Well, I think that as. We're really looking at Supreme Court precedent. Right. That's correct. And I think that if you look at Henderson v. Kibbe, as Your Honor pointed out, that particular case stands for the proposition that a misstatement or even an omission is less, is not as prejudicial, or an omission, sorry, I'm getting myself confused here. If there is an omission or an incomplete instruction is less prejudicial than if there is a misstatement of the law. Here there is no dispute that there was no misstatement of the law. All we have is an omission in only the written portion. And the U.S. Supreme Court has never held that you're entitled in the Constitution to written instructions. And so, therefore, there was. You are entitled to make a defense. Yeah. Okay. Yeah. Exactly. And if there are no further questions from the Court, we would submit. Do you have a cite for your statement that you must acquit, that you just. Yeah, it's in the supplemental excerpts of record at page 83. That's not quite what it says. Yeah, it's, if you find that he's not guilty, let's see. Well, you said if you think Mr. Tahir thought that. Right, exactly. That's not the. It's not exactly, but it conveys. Tahir's the taxi driver. Tahir's the taxi driver. The question is whether Mr. Williams thought he was the victim. Right. If the jury believed that Mr. Tahir had looked at Mr. Williams, the defendant, and they were both victims in this case. The issue is whether Mr. Williams thought he was under duress. Well, right. That's correct. Thank you. Thank you. Thank you, Your Honor. Mr. Feldman, you have about two minutes. Your Honor, just very briefly, I just want to address the Attorney General's argument about the duress defense. The focus of the prosecutor and the statements the prosecutor made to the jury is not relevant on this appeal because the trial court eviscerated the petitioner's defense by telling the jury only go by what you read in the written jury instructions and then not giving them the. . . Which came after the argument. Is that your point? Yes. Okay. I think we have that point. Could you address the argument that counsel makes about the distinction of much, that this is really not effectively a true habeas collateral attack? What's your response to that? Well, it is. And the reason is quite simple. First of all, Hayward v. Stone is clear in treating the recall of the remitter as being treated as habeas action. And the other point is also quite simple, that the petitioner was proceeding pro se and his pleading should be construed liberally. And if he misnames what he was doing in light of how the recall of the remitter is treated as habeas in Hayward, it should not be held against him. Okay. Okay, so the bottom line of what you want us to do is what? Is to grant the petition because the state court told the jury not to consider. . . No, with respect to the second point. Well, the matter should be remanded with instructions for the district court to consider the amendment to the petition and not treat them as a time board. On the merits? Yes. Okay, thank you. Thank you very much, Your Honor. Thank you. The case just argued is ordered submitted. And we thank counsel for the telephone and the argument in court. Thank you very much, Your Honor. Thank you. Thank you.
judges: Schroeder, Fisher, Smith N. R.